﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 180405-326
DATE: June 20, 2019

ORDER

Service connection for acute epididymitis, right is denied. 

Service connection for varicocele, bilateral is denied. 

FINDINGS OF FACT

1. The May 2015 VA examination noted that the Veteran did have epididymitis on military duty.

2. The preponderance of the evidence is against a finding of a current diagnosis of acute epididymitis. 

3. An October 2016 VA examination noted bilateral varicocele. 

4. The preponderance of the evidence is against finding that the Veteran’s current bilateral varicocele is related to a disease, event, or injury in service.

CONCLUSIONS OF LAW

1. The criteria for service connection for acute epididymitis, right have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for varicocele, bilateral have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1977 to December 1983. The rating decision on appeal was issued in March 2018. 

In January 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d) (effective Feb. 19, 2019). The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form, received by VA in January 2018. Accordingly, the March 2018 AMA rating decision considered the evidence of record as of the date the Department of Veterans Affairs (VA) received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See 04/05/2018 VA 21-4138.

On August 15, 2018, the Veteran submitted a written request to revoke his election of the direct review process and submitted evidence in support of his claims. Nonetheless, the evidence was submitted more than 90 days after the VA received the RAMP election form on April 5, 2018. Therefore, even if the Veteran were to have elected the evidence submission process, rather than the direct review process, the evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300 (effective Feb. 19, 2019). The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501 (effective Feb. 19, 2019). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a).

As a general matter, establishing service connection requires competent evidence of (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a).

In relevant part, 38 U.S.C. § 1154(a) requires that VA give “due consideration” 

to “all pertinent medical and lay evidence” in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

1. Entitlement to service connection for acute epididymitis, right.

The Veteran contends that he has acute epididymitis, right, and that the condition began in service. 

The AOJ found that the Veteran did have epididymitis while in active service. 

The AOJ made the favorable finding that the May 2015 VA examination report noted that the Veteran did have epididymitis while on military duty.

The question in this case is whether the Veteran has a current disability. 

The VA treatment records and private medical records are silent as to a current diagnosis of epididymitis. 

In a May 2015 VA examination, the Veteran was noted to have had epididymitis while in service. However, the examiner found that the Veteran did not have a history of chronic epididymitis. In the physical examination, the Veteran was found to have normal epididymis. In the diagnostic testing, which included a review of a January 2015 scrotal ultrasound, the epididymis was found to be normal bilaterally. 05/21/2015, C&P Exam, pages 5-7. 

An October 2016 VA examination also noted that the Veteran had epididymitis while in service. The examiner also found that the Veteran did not have a history of chronic epididymitis. The physical examination noted normal epididymis. And the diagnostic testing, also based on a January 2015 scrotal ultrasound, found the epididymis normal bilaterally. The examiner remarked that, while the Veteran had acute episodes of right epididymitis while in service, that condition had not been identified since separation as reflected in the VA treatment records. The in-service epididymitis presumably resolved as there is no further evidence of complaints about right testicular pain until December 2014, approximately 23 years after separation. 10/14/2016, C&P Exam. 

The Board acknowledges the Veteran’s claim that he currently has epididymitis and that is related to his service. Unfortunately, he is not competent to provide a diagnosis in this instance – concerning an infectious disease – and thus the Board finds his statement in this regard in entitled to no weight. Indeed, this issue is also medically complex, as it requires knowledge of the interaction between multiple organ systems in the body, to include the body’s circular system. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).

After review of the competent and probative evidence, the Board finds that the preponderance of the evidence is against the claim for service connection for acute epididymitis, right. The record does not contain competent medical evidence of a current diagnosis of epididymitis. Accordingly, for the above reasons, reasonable doubt does not arise, and the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

2. Entitlement to service connection for varicocele, bilateral.

The Veteran contends that his varicocele, bilateral is related to his active service, including as related to his in-service epididymitis. 

The AOJ found that the Veteran was diagnosed with bilateral varicocele in an October 2016 VA examination. The AOJ made the favorable finding that an October 2016 VA examination report noted bilateral varicocele.

The question in this case is whether there is a causal relationship or a nexus exists between the Veteran’s current bilateral varicocele and his active service. 

The service treatment records are silent as to whether the Veteran was diagnosed with bilateral varicocele while in service. 

In a May 2015 VA examination, the Veteran was diagnosed with bilateral varicocele. However, the examination report did not provide an opinion as to the etiology of the bilateral varicocele. 05/21/2015, C&P Exam, pages 5-7. Subsequently, in a July 2015 medical opinion, the examiner opined that it is less likely than not that the Veteran’s varicocele was incurred in or caused by the epididymitis, right inguinal pain during service. Specifically, the examiner indicated that a review of the medical literature reveals that there is no known cause for varicocele. Additionally, the VA examiner added there are no references in the medical literature indicating that epididymitis causes varicocele. 07/11/2015, C&P Exam.

An October 2016 VA examination by a VA medical doctor noted the Veteran’s diagnosis of bilateral varicocele. The examiner remarked the Veteran did not have varicocele while in service, and that it was initially documented in January 2015 with a scrotal ultrasound. The examiner further indicated that the exact cause of the varicocele is unclear, as there are no established risk factors for developing a varicocele. 10/14/2016, C&P Exam. 

The Board acknowledges the Veteran’s claim that his bilateral varicocele is related to his service. Unfortunately, he is not competent to provide a nexus opinion in this instance and thus give such statement no weight. Indeed, this issue is also medically complex, as it requires knowledge of the interaction between multiple organ systems in the body, to include the body’s circular system. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).

After review of the competent and probative evidence, the Board finds that the preponderance of the evidence is against the claim for service connection for varicocele, bilateral. The July 2015 medical opinion was supported by a review of the medical literature, which reveals that there is no known cause for varicocele. And, there are no references in the medical literature indicating that epididymitis causes varicocele. Likewise, the October 2016 VA medical doctor reviewed the Veteran’s medical records and supported the opinion with appropriate rationale. While the Board acknowledges the Veteran’s assertion that his bilateral varicocele is related to service, the Veteran is not competent to provide a nexus opinion.

(Continued on the next page)

 

Accordingly, for the above reasons, reasonable doubt does not arise, and the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Han, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.